John Davis, for the appellants.

M. S. Robinson, for the appellee.

THE INDIAN-
APOLIS AND
CINCINNATI
RAILROAD CO.
v.
WAGGONER.

---

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY v. WAGGONER and Others.

Where, in a suit for the foreclosure of a mortgage, a vendee of the property subject to the mortgage is made a party, he is not a competent witness for the mortgagor, to establish a defense involving the liability of the property in his hands to the mortgage debt.

APPEAL from the Shelby Common Pleas.

Tuesday, June 11.

HANNA, J.—Suit by the appellant against the appellees, to foreclose a mortgage. The mortgage was, together with notes evidencing the amount due, executed to the company by one Victor, to secure the purchase money of certain lots. Victor conveyed said lots, by deed, to Waggoner, subject to the mortgage.

Answer: 1. That said mortgage debt was paid by Waggoner, in pursuance of an agreement between him and appellant. 2. That by agreement between said Waggoner and appellant, he was to pay said debt in cord wood and smith work; that he had the wood, &c., ready, and set it apart, and tendered it, &c., and did certain work equal to the amount of the debt. Defendants answered separately, but their answers were substantially the same. Trial, verdict and judgment for the defendants.

Many errors are assigned, but none will be noticed except such as are considered in the brief of counsel.

1. Error in admitting testimony. Victor introduced Waggoner to sustain the answer above noticed, in his behalf. Was the witness competent under the statute? 2 R. S., § 302, p. 97. To determine this, we must take into consideration

certain portions of the statute having reference to the fore-closure of mortgages. *Ibid*, § 379, p. 123; §§ 633, 635. p. 176. From these statutes, the proceeding of foreclosure would appear to so far affect the thing,—the property mortgaged,—as to preclude a person holding the property, where it has passed out of the hands of the mortgagor, from testifying upon points involving the liability of the property, in his hands, to the mortgage debt, in an instance where he is a party to the record. Whether it would exclude a witness thus situated, but not a party to the suit to foreclose, we need not decide now.

*Per Curiam.* — The judgment is reversed, with costs. Cause remanded, &c.

*J. S. Scobey*, for the appellant.